1
2
3
4
5
6
7            UNITED STATES DISTRICT COURT
8             EASTERN DISTRICT OF CALIFORNIA
9

10 ROBERTO HERRERA,              CASE No. 1:12-cv-01912-MJS (PC)

11            Plaintiff,          ORDER DISMISSING COMPLAINT WITH
12                             LEAVE TO AMEND
      v.
13                             (ECF No. 1)

14 O. BEREGOVSKAYS, et al.,
                            AMENDED COMPLAINT DUE WITHIN
15            Defendants.      THIRTY DAYS

16 _____/

17
18
19                     **FIRST SCREENING ORDER**
20
21 **I.**      **PROCEDURAL HISTORY**

22        Plaintiff Roberto Herrera is a state prisoner proceeding pro se in this civil rights

23 action filed on November 26, 2012 pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.)

24 Plaintiff has consented to Magistrate Judge jurisdiction. (Consent to Magistrate, ECF No.

25 4.) Plaintiff's Complaint is now before the Court for screening.

26 ///////

27
                               -1-

## II.    SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

## III.    SUMMARY OF COMPLAINT[1]

Plaintiff claims Defendants, medical staff at Corcoran State Prison ("CSP"), have denied him adequate treatment of chronic pain from multiple healed fractures in violation of his rights under the Eighth Amendment.  Specifically, he makes the following allegations.

---

[1] Plaintiff states in his pleading that "part of [his] supporting documents will be CDCR Log # HC 12051220." (Compl. at 3.) No such Log is included with the Complaint.

-2-

Plaintiff suffers from multiple healed bone fractures in his left leg and right ankle, repaired with internal fixation, and he has related long term chronic pain and trouble sleeping. (Compl. at 4 § IV.)

California Department of Corrections and Rehabilitation ("CDCR") staff have denied adequate pain medication based upon "x-rays and mere appearances." (Id.)

On July 27, 2012, Defendant Dr. Karan denied Plaintiff's request for an MRI, citing the metal fixation devices in Plaintiff's body, and refused Plaintiff's request for referral to a neurologist for diagnosis and treatment of his chronic pain. (Id.)

On September 11, 2012, Dr. Nguyen "indicated nothing bad shows on x-rays and [Plaintiff] seems to be in good condition", and denied his request for referral to a neurologist. (Id. at 2)

On September 20, 2012, Dr. McCabe denied Plaintiff referral to a neurologist. (Id.)

On October 2, 2012, Nurse Vasaves denied Plaintiff referral to a neurologist. (Id.)

On November 4, 2012, Dr. Beregovskays denied Plaintiff referral to a neurologist. (Id.)

On November 5, 2012, CSP Health Care Chief Executive Officer Macias denied Plaintiff referral to a neurologist. (Id. at 3.)

Plaintiff names as Defendants in this action (1) Karana, CSP Physician, (2) Nguyen, CSP Physician, (3) Beregovskays, CSP Physician, (4) McCabe, CSP Physician, (5) Macias, CSP Health Care Chief Executive Officer, and (6) Vasaves, CSP Nurse. (Id. at 4 § III.)

Plaintiff seeks (1) an injunction directing Defendant Macias to refer him to a

neurologist for diagnosis and treatment of his chronic pain, (2) monetary compensation, and (3) appointment of counsel to assist in this matter. (Id. at 5  § V.)

IV.    **ANALYSIS**

A.    **Pleading Requirements Generally**

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949–50.

B.    **Relief Against Non-Parties**

Plaintiff alleges "CDCR staff" denied him adequate medication for his chronic pain based only upon x-rays and appearances. It is unclear whether this is a reference to the named Defendants or to unnamed CDCR staff.

-4-

Plaintiff is advised he can not seek relief against a party not named in his pleading. Fed. R. Civ. P. 8(a). Relief against unidentified CDCR staff is not permissible.

In any amended pleading, Plaintiff must identify the individual(s) against whom he seeks relief, or name Doe defendant(s) pending discovery of the individual name(s), and allege facts sufficient to support a finding that each such named Defendant personally violated, or knowingly directed a violation of, or knew of and failed to act to prevent a violation of, or was deliberately indifferent to an excessive risk of violation of, his constitutional rights.[2]

## C.    Failure to Exhaust

Exhaustion in prisoner cases covered by 42 U.S.C. § 1997e(a) is mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). Exhaustion is a prerequisite for all prisoner suits regarding conditions of confinement, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532. There is no exception to the exhaustion requirement for imminent harm.

The Court takes judicial notice of the fact that the CDCR has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1. The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Three formal levels of appeal are involved; the First Level, Second Level, and Third Level. Id. at §§ 3084.2, 3084.7. Appeals must be submitted within thirty calendar days of the event being appealed, and the process is initiated by submission of the appeal to the appeals

---

[2] The burden is on Plaintiff to promptly discover the full names of Doe defendants. Robinett v. Correctional Training Facility, 2010 WL 2867696, *4 (N.D. Cal. July 20, 2010).

1   coordinator. Id. at § 3084.8(b). Prison officials are afforded thirty working days for

2   responding to First Level appeals. Id. at § 3084.8(c). Once the Third Level review is

3   complete, the inmate has exhausted administrative remedies. Id. at § 3084.1(b).

4           Plaintiff's Complaint on its face suggests a failure to exhaust administrative

5   remedies as to at least some of his claims. He alleges a constitutional violation occurring

6   as recently as November 5, 2012. (Compl. at 3.) It is unclear how he could have

7   exhausted all administrative remedies prior to filing this action on November 26, 2012.

8   Further, Plaintiff's Complaint claims his administrative remedies were completed "around

9   11/12/11 all the way through 7/1/12 [ ] have been denied." (Id. at 4 § II.C.) Plaintiff could

10  not have exhausted on July 1, 2012 the instant claims arising on and after July 27, 2012.

11          Plaintiff  alleges nothing to show an exception to the exhaustion requirements.

12  See Sapp v. Kimbrell, 623 F.3d 813, 826 (9th Cir. 2010) (an exception to exhaustion has

13  been recognized where a prison official renders administrative remedies effectively

14  unavailable.)

15          If Plaintiff chooses to file an amended pleading, he should allege true facts

16  showing  exhaustion or an exception to the exhaustion requirement.

17          **D.     Medical Indifference**

18          Plaintiff alleges named Defendants were deliberately indifferent to his serious

19  chronic pain, denying him adequate medication and referral to an outside specialist for

20  diagnosis and treatment, violating his Eighth Amendment rights.

21          "[T]o maintain an Eighth Amendment claim based on prison medical treatment,

22  an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner,

23  439 F.3d 1091, 1096 (9th Cir. 2006), quoting Estelle v. Gamble, 429 U.S. 97, 106

-6-

(1976). The two prong test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096, quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096, citing McGuckin, 974 F.2d at 1060. In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105–06. A complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

"[A] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a [§] 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). To establish that such a difference of

opinion amounted to deliberate indifference, the prisoner "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances" and "that they chose this course in conscious disregard of an excessive risk to [the prisoner's] health." See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); see also Wilhelm v. Rotman, 680 F.3d 1113, 1123 (9th Cir. 2012) (doctor's awareness of need for treatment followed by his unnecessary delay in implementing the prescribed treatment sufficient to plead deliberate indifference); see also Snow v. McDaniel, 681 F.3d 978, 988 (9th Cir. 2012) (decision of non-treating, non-specialist physicians to repeatedly deny recommended surgical treatment may be medically unacceptable under all the circumstances.)

Plaintiff's allegation that his surgically reconstructed bone fractures cause chronic pain and trouble sleeping is sufficient to show a serious medical need. See McGuckin, 947 F.2d at 1059–60 ("[T]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment.") Plaintiff has alleged, for purposes of screening, a serious medical need sufficient to satisfy the first prong of a deliberate indifference claim.

However, his allegations are not sufficient under the above standards to show deliberate indifference to his medical needs. The Complaint reflects that he has received ongoing access to primary medical care. Nothing before the Court suggests deliberate indifference, intentional denial, delay or interference with care or treatment of his

1  medical needs. Rather it appears only that there is disagreement between Plaintiff and

2  his primary care practitioners at CSP.

3      Disagreement as to treatment and medication decisions between inmate and

4  prison medical staff is not a basis for deliberate indifference unless the course chosen

5  by Defendants is medically unacceptable and with conscious disregard of an excessive

6  risk to his health. Nothing before the Court suggests Defendants' care and treatment is

7  medically unacceptable. Plaintiff has been provided ongoing access to prison medical

8  care. Nothing before the Court suggests an MRI, referral to a neurologist and

9  unspecified medication are the only medically acceptable courses of treatment.

10  Significantly, he alleges no facts suggesting disagreement amongst health care

11

12  professionals as to his care and treatment.

13      Plaintiff is not entitled to his preferred testing and treatment. <u>See</u> <u>Evan v. Manos</u>,

14  336 F.Supp.2d 255, 261 (W.D.N.Y. 2004) (so long as the treatment given is adequate,

15  the fact that a prisoner might prefer a different treatment does not give rise to an Eighth

16  Amendment violation.) Nor is he entitled to access an outside medical provider. Cal.

17  Code Regs. tit. 15 § 3354(a)(c)(f). Although a prisoner has a right to adequate medical

18  care, a prisoner has "no independent constitutional right to outside medical care

19  additional and supplemental to the medical care provided by the prison staff within the

20  institution." <u>Dixon v. Bannister</u>, 845 F.Supp.2d 1136, 1143 (D.  Nev. 2012), citing

21

22  <u>Roberts v. Spalding</u>, 783 F.2d 867, 870 (9th Cir. 1986).

23      Plaintiff's allegation Defendants have failed to properly diagnose and treat his

24

25  condition suggests at most negligence, which is insufficient as an Eighth Amendment

26  claim. <u>Scotton v. Amerongen</u>, —— F.Supp.2d ——, 2009 WL 1853311 at *5 (N.D. Iowa

27

June 29, 2009) (negligent acts by prison officials are not actionable under § 1983.)

Plaintiff's allegation of chronic pain and trouble sleeping is disconcerting, but not alone sufficient to suggest Defendants' medical care is knowingly inadequate so as to claim medical indifference. The Eighth Amendment does not require that prisoners receive "unqualified access to health care." Hudson v. McMillian, 503 U.S. 1, 9 (1992).

The Court will grant Plaintiff an opportunity to amend this claim. If he chooses to amend he must set forth sufficient facts showing, in addition to his demonstrated serious medical need, a deliberately indifferent response to that need on the part of each Defendant acting under color of state law.

### E.    Injunctive Relief

Plaintiff seeks an injunction ordering Defendant Macias to refer him to a neurologist for diagnosis and treatment of his chronic pain, and appointing counsel to assist him in this matter.

Injunctive relief is an "extraordinary remedy, never awarded as of right." Winter v. Natural Res. Defense Council, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id., citing Munaf v. Geren, 553 U.S. 674, 689–90 (2008).

In cases brought by prisoners involving conditions of confinement, the Prison Litigation Reform Act (PLRA) requires that any preliminary injunction "be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. §

3626(a).

Plaintiff has not demonstrated that he is likely to succeed on the merits of his Eighth Amendment medical indifference claim for the reasons stated above.

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. "[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103–04 (1998). At this point Plaintiff has no cognizable claim, and no case or controversy before the Court.

Nor does his pleading suggest real and immediate threat of injury. See City of Los Angeles, 461 U.S. at 101–02 (plaintiff must show "real and immediate" threat of injury, and "past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present, adverse effects.") It appears Plaintiff has ongoing access to care and treatment of his serious medical condition. His disagreement with treatment decisions of prison medical staff is not alone sufficient to suggest he is under any real and immediate threat of injury, or that the balancing of equities and public interest weighs in his favor.

Absent the existence of exceptional circumstances not present here, the Court

will not intervene in the day-to-day management of prisons. See e.g., Overton v. Bazzetta, 539 U.S. 126, 132 (2003) (prison officials entitled to substantial deference); Sandin v. Conner, 515 U.S. 472, 482-83 (1995) (disapproving the involvement of federal courts in the day-to-day-management of prisons.)

Plaintiff's request for appointment of counsel fails for lack of requisite exceptional circumstances. Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), partially overruled on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998). The Court can not require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Plaintiff has not demonstrated a likelihood of success on his claims for the reasons noted above. It is not apparent on the record that Plaintiff has exhausted diligent effort to secure counsel.[3] Plaintiff's lack of funds alone does not demonstrate that efforts to secure counsel necessarily would be futile.

Accordingly, Plaintiff's allegations do not support jurisdiction to order, and entitlement to injunctive relief, or exceptional circumstances for the appointment of counsel. The Court will allow leave to amend. If Plaintiff chooses to amend, he must set forth sufficient facts showing the above noted elements.

## V.    CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief under § 1983. The Court will grant Plaintiff an opportunity to file an amended complaint. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a

---

[3] See e.g. Thornton v. Schwarzenegger, 2011 WL 90320, *3-4 (S.D. Cal. 2011) (cases cited).

deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948–49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949, quoting Twombly, 550 U.S. at 555. Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint" refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555.

Based on the foregoing, it is **HEREBY ORDERED** that:

1.    The Clerk's Office shall send Plaintiff (1) a blank civil rights amended

        complaint form and (2) a copy of his Complaint, filed November 26, 2012,

-13-

2.      Plaintiff's Complaint is dismissed for failure to state a claim upon which

relief may be granted,

3.      Plaintiff shall file an amended complaint within thirty (30) days from service

of this order, and

4.      If Plaintiff fails to file an amended complaint in compliance with this order,

this action shall be dismissed, with prejudice, for failure to state a claim

and failure to prosecute, subject to the "three strikes" provision set forth in

28 U.S.C. § 1915(g). Silva v. Di Vittorio 658 F.3d 1090 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   December 21, 2012        /s/ *Michael J. Seng*
                                 UNITED STATES MAGISTRATE JUDGE