# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO HERRERA,<br><br>Plaintiff,<br><br>v.<br><br>O. BEREGOVSKAYS, et al.,<br><br>Defendants.<br>_____ / | CASE No. 1:12-cv-01912-MJS (PC)<br><br>ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED WITH PREJUDICE FOR FAILURE TO COMPLY WITH COURT ORDER<br><br>(ECF No. 6)<br><br>FOURTEEN (14) DAY DEADLINE |

Plaintiff Roberto Herrera, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on November 26, 2012 pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 4.) The Court screened Plaintiff's Complaint and dismissed it on December 21, 2012 for failure to state a claim, but gave Plaintiff leave to file an amended complaint by not later than January 24, 2013. (ECF No. 6.)

The January 24, 2013 deadline has passed without Plaintiff having filed an amended complaint or requesting an extension of time to do so.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the

1 inherent power to control their dockets and "in the exercise of that power, they may
2 impose sanctions including, where appropriate . . . dismissal [of a case]." Thompson v.
3 Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based
4 on a party's failure to prosecute an action, failure to obey a court order, or failure to
5 comply with local rules. See e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)
6 (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258,
7 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring
8 amendment of complaint); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)
9 (dismissal for lack of prosecution and failure to comply with local rules).

10        Accordingly, Plaintiff not having responded to the Court's Order, it is
11 HEREBY ORDERED THAT:
12    1.   Within fourteen (14) days of service of this Order, Plaintiff shall either
13         show cause why his case should not be dismissed with prejudice for
14         failure to comply with the Court's December 21, 2012 Order, or file an
15         amended complaint; and
16    2.   If Plaintiff fails to show cause or file an amended complaint, this action
17         shall be dismissed, with prejudice, for failure to state a claim and failure to
18         prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. §
19         1915(g). Silva v. Di Vittorio 658 F.3d 1090 (9th Cir. 2011).

24 IT IS SO ORDERED.
25 Dated:   February 20, 2013          /s/ *Michael J. Seng*
                                       UNITED STATES MAGISTRATE JUDGE