1

2

3

4

5

6

7                   UNITED STATES DISTRICT COURT

8                    EASTERN DISTRICT OF CALIFORNIA

9

10   ROBERTO HERRERA,                    CASE No. 1:12-cv-01912-MJS (PC)

11                      Plaintiff,       ORDER (1) DISCHARGING ORDER TO
                                         SHOW CAUSE (2) DENYING WITHOUT
                                         PREJUDICE REQUEST FOR
12                                       APPOINTMENT OF COUNSEL (3)
           v.                            GRANTING FURTHER LEAVE TO FILE
13                                       FIRST AMENDED COMPLAINT

14   O. BEREGOVSKAYS, et al.,            (ECF Nos. 8 & 9)

15                                       THIRTY-DAY DEADLINE
                       Defendants.
16

17   _____/

18

19   **I.      PROCEDURAL BACKGROUND**

20         Plaintiff Roberto Herrera, a state prisoner proceeding pro se and in forma

21   pauperis, filed this civil rights action on November 26, 2012 pursuant to 42 U.S.C. §

22   1983. (ECF No. 1.)

23         The Court screened Plaintiff's Complaint and dismissed it on December 21, 2012

24   for failure to state a claim, but gave Plaintiff leave to file an amended complaint by not

25   later than January 24, 2013. (ECF No. 6.) The January 24th deadline passed without

26   Plaintiff filing an amended complaint or requesting an extension of time to do so. On

27   February 20, 2013, the Court ordered Plaintiff to either file an amended complaint or

28   show cause why his action should not be dismissed for failure to comply with the

                                          1

1  Court's December 21st Order. (ECF No. 8.) On March 11, 2013, Plaintiff filed a

2  response to the Court's February 20th Order. (ECF No. 9.)

3  **II.    ORDER TO SHOW CAUSE DISCHARGED**

4      Plaintiff has filed a sufficient response. The Court shall discharge its February

5  20, 2013 Order to show cause.

6  **III.   REQUEST FOR COUNSEL DENIED**

7      Plaintiff claims in his response he can not amend unless counsel is appointed to

8  assist him.

9      Plaintiff's request for counsel is denied without prejudice.

10     Plaintiff does not have a constitutional right to appointed counsel in this action,

11 Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), partially overruled on other

12 grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the Court can not require an

13 attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United

14 States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). In

15 certain exceptional circumstances the Court may request the voluntary assistance of

16 counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. However, without a

17 reasonable method of securing and compensating counsel, the Court will seek

18 volunteer counsel only in the most serious and exceptional cases. In determining

19 whether "exceptional circumstances exist, the district court must evaluate both the

20 likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his or her

21 claims pro se in light of the complexity of the legal issues involved." Id. Neither of these

22 factors is dispositive and both must be viewed together before reaching a decision on

23 request of counsel under section 1915(d)." Wilborn v. Escalderon, 789 F.2d 1328,

24 1331 (9th Cir. 1986); Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).

25     The burden of demonstrating exceptional circumstances is on the Plaintiff. See

26 Palmer, 560 F.3d at 970 (plaintiff "has not made the requisite showing of exceptional

27 circumstances for the appointment of counsel"); accord, Alvarez v. Jacquez, 415 F.

28 App'x 830, 831 (9th Cir. 2011) (plaintiff "failed to show exceptional circumstances");

1  Simmons v. Hambly, 14 F. App'x 918, 919 (9th Cir. 2001) (same); Davis v. Yarborough,

2  459 F. App'x 601, 602 (9th Cir. 2011) (plaintiff did not show the exceptional

3  circumstances required to appoint counsel under 28 U.S.C. § 1915(e)(1)).

4        In the present case, the Court does not find the required exceptional

5  circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that

6  he has made serious allegations which, if proved, would entitle him to relief, his case is

7  not exceptional. This Court is faced with similar cases almost daily. The medical

8  indifference claim in issue does not appear to be novel or unduly complex. The facts

9  alleged appear straightforward and unlikely to involve extensive investigation and

10  discovery. Further, Plaintiff has yet to state a cognizable claim and the Court can not

11  make a determination at this stage of the litigation that Plaintiff is likely to succeed on

12  the merits.

13        The papers filed by Plaintiff in this case reflect an appreciation of the legal issues

14  and standards and an ability to express same adequately. At present, the Court is

15  unable to find that, even considering Plaintiff's limited understanding of the law, he is

16  unable to adequately articulate his claims.

17        Finally, nothing suggests that Plaintiff has made diligent effort to secure

18  counsel.[1] Plaintiff's lack of funds alone does not necessarily mean efforts to secure

19  counsel would be futile.

20  **IV.     FURTHER LEAVE GRANTED TO FILE FIRST AMENDED COMPLAINT**

21        Plaintiff desires to continue this action and argues the merits of his dismissed

22  Complaint. He claims exhaustion of administrative remedies via many unspecified

23  inmate appeals seeking effective treatment of chronic pain and Inmate Appeal No. COR

24  HC 12051220 which was denied at the third level on February 15, 2013. He claims

25  Defendants have denied him effective treatment of his chronic pain. He claims his

26

27        [1] See e.g. Thornton v. Schwarzenegger, 2011 WL 90320, *3-4 (S.D. Cal. January 11, 2011)
    (cases cited).

28

1   pending Eastern District Case No. 2:10-cv-01280-GEB-DAD, asserting similar claims

2   against different defendants at a different prison and found cognizable by Judge Drozd

3   shows  such a claim can be found cognizable.

4          Based upon the foregoing the Court grants Plaintiff a further opportunity to file a

5   First Amended Complaint.

6   **V.      ORDER**

7          Accordingly, it is HEREBY ORDERED THAT:

8          1.      The February 20, 2013 Order to show cause (ECF No. 8) is

9   DISCHARGED;

10         2.      Plaintiff's request for appointment of counsel (ECF No. 9) is DENIED

11                 WITHOUT PREJUDICE;

12         3.      Further leave to file a First Amended Complaint by not later than thirty

13                 days from service of this Order is GRANTED; and

14         4.      If Plaintiff fails to file a First Amended Complaint in compliance with this

15                 Order, this action shall be dismissed, with prejudice, for failure to state a

16                 claim and failure to prosecute, subject to the "three strikes" provision set

17                 forth in 28 U.S.C. § 1915(g). Silva v. Di Vittorio 658 F.3d 1090 (9th Cir.

18                 2011).

19

20   IT IS SO ORDERED.

21   Dated:    March 18, 2013            /s/ Michael J. Seng
                                         UNITED STATES MAGISTRATE JUDGE
22

23

24

25

26

27

28

4