UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO HERRERA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>O. BEREGOVSKAYS, et al.,<br><br>　　　　　Defendants.<br>_____ / | CASE No. 1:12-cv-01912-MJS (PC)<br><br>ORDER (1) DISCHARGING ORDER TO SHOW CAUSE (2) DENYING WITHOUT PREJUDICE REQUEST FOR APPOINTMENT OF COUNSEL (3) GRANTING FURTHER LEAVE TO FILE FIRST AMENDED COMPLAINT<br><br>(ECF Nos. 8 & 9)<br><br>THIRTY-DAY DEADLINE |

I.   **PROCEDURAL BACKGROUND**

Plaintiff Roberto Herrera, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on November 26, 2012 pursuant to 42 U.S.C. § 1983. (ECF No. 1.)

The Court screened Plaintiff's Complaint and dismissed it on December 21, 2012 for failure to state a claim, but gave Plaintiff leave to file an amended complaint by not later than January 24, 2013. (ECF No. 6.) The January 24th deadline passed without Plaintiff filing an amended complaint or requesting an extension of time to do so. On February 20, 2013, the Court ordered Plaintiff to either file an amended complaint or show cause why his action should not be dismissed for failure to comply with the

1

Court's December 21st Order. (ECF No. 8.) On March 11, 2013, Plaintiff filed a response to the Court's February 20th Order. (ECF No. 9.)

**II.    ORDER TO SHOW CAUSE DISCHARGED**

Plaintiff has filed a sufficient response. The Court shall discharge its February 20, 2013 Order to show cause.

**III.   REQUEST FOR COUNSEL DENIED**

Plaintiff claims in his response he can not amend unless counsel is appointed to assist him.

Plaintiff's request for counsel is denied without prejudice.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), partially overruled on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the Court can not require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). In certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. However, without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his or her claims pro se in light of the complexity of the legal issues involved." Id. Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under section 1915(d)." Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).

The burden of demonstrating exceptional circumstances is on the Plaintiff. See Palmer, 560 F.3d at 970 (plaintiff "has not made the requisite showing of exceptional circumstances for the appointment of counsel"); accord, Alvarez v. Jacquez, 415 F. App'x 830, 831 (9th Cir. 2011) (plaintiff "failed to show exceptional circumstances");

Simmons v. Hambly, 14 F. App'x 918, 919 (9th Cir. 2001) (same); Davis v. Yarborough, 459 F. App'x 601, 602 (9th Cir. 2011) (plaintiff did not show the exceptional circumstances required to appoint counsel under 28 U.S.C. § 1915(e)(1)).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. The medical indifference claim in issue does not appear to be novel or unduly complex. The facts alleged appear straightforward and unlikely to involve extensive investigation and discovery. Further, Plaintiff has yet to state a cognizable claim and the Court can not make a determination at this stage of the litigation that Plaintiff is likely to succeed on the merits.

The papers filed by Plaintiff in this case reflect an appreciation of the legal issues and standards and an ability to express same adequately. At present, the Court is unable to find that, even considering Plaintiff's limited understanding of the law, he is unable to adequately articulate his claims.

Finally, nothing suggests that Plaintiff has made diligent effort to secure counsel.[1] Plaintiff's lack of funds alone does not necessarily mean efforts to secure counsel would be futile.

## IV.     FURTHER LEAVE GRANTED TO FILE FIRST AMENDED COMPLAINT

Plaintiff desires to continue this action and argues the merits of his dismissed Complaint. He claims exhaustion of administrative remedies via many unspecified inmate appeals seeking effective treatment of chronic pain and Inmate Appeal No. COR HC 12051220 which was denied at the third level on February 15, 2013. He claims Defendants have denied him effective treatment of his chronic pain. He claims his

---

[1] See e.g. Thornton v. Schwarzenegger, 2011 WL 90320, *3-4 (S.D. Cal. January 11, 2011) (cases cited).

pending Eastern District Case No. 2:10-cv-01280-GEB-DAD, asserting similar claims against different defendants at a different prison and found cognizable by Judge Drozd shows such a claim can be found cognizable.

Based upon the foregoing the Court grants Plaintiff a further opportunity to file a First Amended Complaint.

## V. ORDER

Accordingly, it is HEREBY ORDERED THAT:

1. The February 20, 2013 Order to show cause (ECF No. 8) is DISCHARGED;
2. Plaintiff's request for appointment of counsel (ECF No. 9) is DENIED WITHOUT PREJUDICE;
3. Further leave to file a First Amended Complaint by not later than thirty days from service of this Order is GRANTED; and
4. If Plaintiff fails to file a First Amended Complaint in compliance with this Order, this action shall be dismissed, with prejudice, for failure to state a claim and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Di Vittorio 658 F.3d 1090 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:  March 18, 2013                      /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE