UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO HERRERA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>O. BEREGOVSKAYS, et al.,<br><br>　　　　Defendants.<br>_____/ | CASE No. 1:12-cv-01912-MJS (PC)<br><br>ORDER (1) DENYING WITHOUT PREJUDICE PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL,<br>(2) DISMISSING THE FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF No. 13)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

**SECOND SCREENING ORDER**

**I.　PROCEDURAL HISTORY**

Plaintiff Roberto Herrera is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed on November 26, 2012 pursuant to 42 U.S.C. § 1983. (ECF No. 1.) The Complaint was dismissed for failure to state a claim, but Plaintiff was given leave to file an amended complaint. (ECF No. 6.) Plaintiff's First Amended

Complaint, filed May 28, 2013, is now before the Court for screening.(ECF No. 13.)

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

## III. SUMMARY OF FIRST AMENDED COMPLAINT[1]

Plaintiff, an inmate at Corcoran State Prison ("CSP") has suffered from chronic pain for more than a decade.

He names as Defendants (1) Karana, CSP Physician, (2) Nguyen, CSP

---

[1] Plaintiff states in his pleading that "part of [his] supporting documents will be CDCR Log # HC 12051220." (ECF No. 13 at 3.) No such Log is included with the First Amended Complaint.

Physician, (3) Beregovskays, CSP Physician, (4) McCabe, CSP Physician, (5) Macias, CSP (Health Care) Chief Executive Officer, and (6) Vasaves, CSP Nurse.

He alleges that his current pain medication is not effective and that Defendants have been deliberately indifferent to his chronic pain as follows:

He saw Defendant Karan MD on July 27, 2012, and Defendant Nguyen MD on September 11, 2012, each of whom advised there is nothing wrong with him and refused to prescribe other and stronger medication for his pain.

He saw Defendant McCabe MD on September 20, 2012, Defendant Vasaves RN on October 2, 2012, Defendant Beregovskays MD on November 4, 2012, and Defendant Macias (Health Care) Chief Executive Officer on November 5, 2012, each of whom refused to take any action concerning his chronic pain and medication.

He seeks as relief damages and an injunction directing Defendants to provide effective pain medication for his chronic pain. He also requests appointment of counsel.

## IV.   ANALYSIS

### A.   Pleading Requirements Generally

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations

are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.' " Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949–50.

### B.     Medical Indifference

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.' " Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006), quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976). The two prong test for deliberate indifference requires the plaintiff to show (1) " 'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,' " and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096, quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992).

Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096, citing McGuckin, 974 F.2d at 1060. In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Plaintiff's chronic pain complaint is sufficient to demonstrate a serious medical

condition. See McGuckin, 947 F.2d at 1059–60 ("[T]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment.").

However, as was the case with the Complaint, Plaintiff's allegations suggest not a failure to respond to his medical need, but rather Plaintiff's disagreement with the medical advice and treatment decisions of Defendants, to whom he has had ready access. Such a difference of opinion between a prisoner-patient and prison medical staff is not sufficient to claim medical indifference, Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981), unless the treatment chosen is medically unacceptable and with conscious disregard of an excessive risk to the prisoner's health. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996). Nothing before the Court suggests unspecified pain medication is the only medically acceptable courses of treatment for his chronic pain. Plaintiff alleges no facts suggesting disagreement amongst health care professionals as to his care and treatment. See Evan v. Manos, 336 F.Supp.2d 255, 261 (W.D.N.Y. 2004) (so long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation).

Even if Defendants have failed to properly diagnose and treat his chronic pain condition, this suggests at most negligence, which is insufficient as an Eighth Amendment claim. Scotton v. Amerongen, —— F.Supp.2d ——, 2009 WL 1853311 at *5 (N.D. Iowa June 29, 2009) (negligent acts by prison officials are not actionable under § 1983).

Plaintiff fails to allege facts suggesting Defendants have been deliberately indifferent to his chronic pain. If he chooses to amend he must set forth sufficient facts showing, in addition to his demonstrated serious medical need, a deliberately indifferent response to that need on the part of each Defendant acting under color of state law.

### C. Injunctive Relief

To prevail, the party seeking injunctive relief must show either "(1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the moving party's] favor." Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc., 762 F.2d 1374, 1376 (9th Cir. 1985), quoting Apple Computer, Inc. v. Formula International, Inc., 725 F.2d 521, 523 (9th Cir. 1984); see City of Los Angeles v. Lyons, 461 U.S. 95, 101–102 (1983) (plaintiff must show "real and immediate" threat of injury).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the federal right, and is the least intrusive means necessary to correct the violation of the federal right."

Plaintiff's request for an injunction directing Defendants to provide effective medication for his chronic pain is substantively deficient. Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles, 461 U.S. at 102; Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). If the

Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. "[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103–04 (1998). At this point Plaintiff has no cognizable claim, and no case or controversy before the Court.

Nor does the First Amended Complaint suggest real and immediate threat of injury. See City of Los Angeles, 461 U.S. at 101–02 (plaintiff must show "real and immediate" threat of injury). It appears Plaintiff has ongoing access to care and treatment of his chronic pain. His disagreement with Defendants' treatment decisions and desire for stronger medication are not alone sufficient to suggest he is under any real and immediate threat of injury or that the balancing of equities and public interest weighs in his favor.

Absent the existence of exceptional circumstances not present here, the Court will not intervene in the day-to-day management of prisons. See e.g., Overton v. Bazzetta, 539 U.S. 126, 132 (2003) (prison officials entitled to substantial deference); Sandin v. Conner, 515 U.S. 472, 482-83 (1995) (disapproving the involvement of federal courts in the day-to-day-management of prisons).

Plaintiff fails to allege facts suggesting a need for and entitlement to injunctive relief. If he chooses to amend he must set forth sufficient facts showing a likelihood of success on the merits and the possibility of irreparable injury, or the existence of serious questions going to the merits and the balance of hardships in his favor showing real and immediate threat of injury.

### D. Request for Counsel

Plaintiff's request for appointment of counsel, a renewal of the request lodged in his dismissed Complaint, shall be denied without prejudice. This request is procedurally deficient because it was not made by motion. A request for a court order, including an order appointing counsel, must be made by motion. Fed. R. Civ. P. 7(b).

This request is substantively deficient because it lacks facts suggesting exceptional circumstances. Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), partially overruled on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998). The Court can not require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Plaintiff has not demonstrated a likelihood of success on his medical indifference. It is not apparent on the record that Plaintiff has exhausted diligent effort to secure counsel.[2] Plaintiff's lack of funds alone does not demonstrate that efforts to secure counsel necessarily would be futile.

Plaintiff's request for appointment of counsel is denied without prejudice to his filing a motion seeking appointment of counsel upon appropriate grounds.

## V. CONCLUSIONS AND ORDER

Plaintiff's First Amended Complaint does not state a claim for relief under § 1983. His request for appointment of counsel is procedurally and substantively deficient.

---

[2] See e.g. Thornton v. Schwarzenegger, 2011 WL 90320, *3-4 (S.D. Cal. 2011) (cases cited).

The Court will grant Plaintiff **one final** opportunity to file an amended complaint. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948–49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.' " Id. at 1949, quoting Twombly, 550 U.S. at 555. Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint" refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a

right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Plaintiff's request for appointment of counsel is DENIED WITHOUT PREJUDICE to a motion for such relief upon appropriate grounds;

2. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his First Amended Complaint filed May 28, 2013;

3. Plaintiff's First Amended Complaint is dismissed for failure to state a claim upon which relief may be granted;

4. Plaintiff shall file an amended complaint within thirty (30) days from service of this order; and

5. If Plaintiff fails to file an amended complaint in compliance with this order, this action shall be dismissed, with prejudice, for failure to state a claim and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Di Vittorio 658 F.3d 1090 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   May 31, 2013              /s/ *Michael J. Seng*
                                                    UNITED STATES MAGISTRATE JUDGE