# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO HERRERA,<br><br>    Plaintiff,<br><br>    v.<br><br>O. BEREGOVSKAYS, et al.,<br><br>    Defendants.<br>_____ / | CASE No. 1:12-cv-01912-MJS (PC)<br><br>ORDER (1) DENYING APPOINTMENT OF COUNSEL, and (2) GRANTING EXTENSION OF TIME TO FILE SECOND AMENDED COMPLAINT<br><br>(ECF No. 16)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

**I.     PROCEDURAL HISTORY**

Plaintiff Roberto Herrera is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed on November 26, 2012 pursuant to 42 U.S.C. § 1983. (ECF No. 1.) The complaint and first amended complaint were dismissed for failure to state a claim, but Plaintiff was granted leave to file a second amended complaint by not later than July 8, 2013. (ECF Nos. 6, 14.)

Pending before the Court is Plaintiff's request for (1) appointment of counsel, and (2) an unspecified extension of time to file a second amended complaint. (ECF No. 16.)

## II. ARGUMENT

Plaintiff complains his legal mail is being interfered with, necessitating both the appointment of counsel to assist him in this matter and an unspecified extension of time to file his second amended complaint.

## III. ANALYSIS

### A. Appointment of Counsel

#### 1. Legal Standard

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), partially overruled on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the Court can not require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). In certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. However, without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his or her claims pro se in light of the complexity of the legal issues involved." Id. Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of

counsel under section 1915(d)." Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).

The burden of demonstrating exceptional circumstances is on the Plaintiff. See Palmer, 560 F.3d at 970 (plaintiff "has not made the requisite showing of exceptional circumstances for the appointment of counsel"); accord, Alvarez v. Jacquez, 415 F. App'x 830, 831 (9th Cir. 2011) (plaintiff "failed to show exceptional circumstances"); Simmons v. Hambly, 14 F. App'x 918, 919 (9th Cir. 2001) (same); Davis v. Yarborough, 459 F. App'x 601, 602 (9th Cir. 2011) (plaintiff "did not show the 'exceptional circumstances' required to appoint counsel under 28 U.S.C. § 1915(e)(1).").

### 2. Appointment of Counsel Denied without Prejudice

Plaintiff's request for appointment of counsel, a renewal of the request lodged in his previous pleadings, shall be denied without prejudice. The Court does not find exceptional circumstances warranting appointment of counsel. Plaintiff has not yet stated a cognizable claim, and the Court can not make a determination at this early stage of the litigation that Plaintiff is likely to succeed on the merits. The violations alleged to date do not appear to be novel or unduly complex. The facts alleged to date appear straightforward and unlikely to involve any extensive investigation and discovery.

Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily.

The papers filed by Plaintiff in this case reflect an appreciation of the legal issues and standards and an ability to express same adequately in writing.

Nothing suggests that Plaintiff has made diligent efforts to secure counsel.[1] Plaintiff's lack of funds alone does not necessarily mean efforts to secure counsel would be futile.

Plaintiff's instant motion does not support reconsideration of the Court's denial of Plaintiff's earlier request for counsel (ECF No. 14). Plaintiff cites to no error, newly discovered evidence, or other grounds supporting reconsideration of the denial of counsel. Federal Rule of Civil Procedure 60(b)(6); Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009).

Plaintiff's request for appointment of counsel shall be denied without prejudice.

**B.     Extension of Time**

   1.     Legal Standard

In deciding a motion to extend time the court will consider (1) whether the dilatory party has demonstrated good faith, (2) whether the other party will be prejudiced, and (3) whether the interests of justice would be served by granting the extension. Fed. R. Civ. P. 6; Local Rule 144; Oostburg State Bank v. United Sav. & Loan Ass'n, 125 Wis.2d 224, 241 (Ct. App. 1985).

   2.     Extension Granted

Plaintiff's request for extension of time is supported by allegations that the delay in filing his amended pleading is attributable to interference and delay in sending and receiving legal mail. These allegations are sufficient to show good cause for the

---

[1] See e.g. Thornton v. Schwarzenegger, 2011 WL 90320, *3-4 (S.D. Cal. 2011) (cases cited).

requested extension.

IV. <u>ORDER</u>

1. Plaintiff's request for appointment of counsel is DENIED WITHOUT PREJUDICE; and

2. Plaintiff request for extension of time to file a second amended complaint is GRANTED, and he shall file his second amended complaint by **not later than thirty days following service of this order**.

IT IS SO ORDERED.

Dated:   July 25, 2013                         /s/ *Michael J. Seng*
                                               UNITED STATES MAGISTRATE JUDGE