UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO HERRERA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>O. BEREGOVSKAYS, et al.,<br><br>　　　　　Defendants.<br>_____ / | CASE No. 1:12-cv-01912-MJS (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR EMERGENCY INJUNCTION<br><br>(ECF No. 15) |

I.   **PROCEDURAL HISTORY**

Plaintiff Roberto Herrera is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed on November 26, 2012 pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff's complaint and first amended complaint were dismissed for failure to state a claim, but Plaintiff was given leave to file a second amended complaint by not later than July 8, 2013. (ECF Nos. 6, 14.) Plaintiff has not filed a second amended complaint.

Pending before the Court is Plaintiff's motion for an emergency injunction directing (1) unnamed corrections staff to "stop messing with [his] legal mail", and (2) Defendants to "resolve [his] chronic pain medical condition." (ECF No. 15.)

## II. ARGUMENT

Plaintiff claims unnamed corrections staff members are interfering with his legal mail. He seeks an injunction directing that this interference stop.

Plaintiff claims Defendant health care staff members have failed and/or refused to resolve his chronic pain complaints. He seeks an injunction directing that his chronic pain condition be resolved by Defendant health care staff members.

## III. ANALYSIS

### A. Legal Standard

To prevail, the party seeking injunctive relief must show either "(1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the moving party's] favor." Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc., 762 F.2d 1374, 1376 (9th Cir. 1985), quoting Apple Computer, Inc. v. Formula International, Inc., 725 F.2d 521, 523 (9th Cir. 1984); see City of Los Angeles v. Lyons, 461 U.S. 95, 101–102 (1983) (plaintiff must show "real and immediate" threat of injury).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the federal right, and is the least intrusive means necessary to correct the violation of the federal

right."

### B. Injunctive Relief Denied without Prejudice

#### 1. Legal Mail

Plaintiff provides the Court no basis for granting him injunctive relief relating to his legal mail. Nothing before the Court suggests who is interfering with his legal mail, the nature and extent of any such interference, and how such alleged interference threatens harm, if at all. Moreover, the court has not yet determined that Plaintiff has a claim that may be pursued.

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles, 461 U.S. at 102; Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. "[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103–04 (1998).

At this point Plaintiff has no cognizable claim relating to legal mail. The merits of such a claim and threat of injury arising therefrom are unsupported by any factual allegations. See City of Los Angeles, 461 U.S. at 101–02 (plaintiff must show "real and immediate" threat of injury). Merely conclusory allegations against unnamed individuals are not sufficient for the Court issue injunctive relief.

2. <u>Chronic Pain</u>

Plaintiff's request for an injunction directing Defendants to provide effective treatment of his chronic pain must be denied. Plaintiff's claims have not yet been found to be cognizable. (ECF Nos. 6, 14). Nothing before the Court suggests real and immediate threat of injury. <u>See</u> <u>City of Los Angeles</u>, 461 U.S. at 101–02. It appears Plaintiff has ongoing access to medical care and treatment of his chronic pain. His disagreement with Defendants' treatment decisions and desire for stronger medication are not alone sufficient to suggest he is under any real and immediate threat of injury.

Plaintiff's first amended complaint sought the same relief and was denied. Plaintiff provides no justification for reconsideration of the Court's earlier order denying injunctive relief. (ECF No. 14.) Plaintiff cites to no error, newly discovered evidence, or other grounds supporting reconsideration of the denial of chronic pain injunctive relief. Federal Rule of Civil Procedure 60(b)(6); Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009).

## IV.   **CONCLUSIONS AND ORDER**

Plaintiff fails to allege facts suggesting a need for and entitlement to injunctive relief for claimed interference with legal mail and indifference to chronic pain.

////////
////////
////////
////////
////////
////////

Based on the foregoing, it is **HEREBY ORDERED** that Plaintiff's motion for emergency injunctive relief (ECF No. 15) is DENIED without prejudice to his filing a motion seeking injunctive relief upon appropriate grounds.

IT IS SO ORDERED.

Dated: July 25, 2013         /s/ *Michael J. Seng*
                             UNITED STATES MAGISTRATE JUDGE