# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO HERRERA,<br><br>    Plaintiff,<br><br>    v.<br><br>O. BEREGOVSKAYS, et al.,<br><br>    Defendants. | Case No.  1:12-cv-01912-MJS (PC)<br><br>**ORDER DISMISSING:  (1) SECOND AMENDED COMPLAINT WITHOUT LEAVE TO AMEND, and (2) ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM**<br><br>**(ECF No. 31)**<br><br>**DISMISSAL COUNTS AS A STRIKE PURSUANT TO 28 U.S.C. §1915(g)**<br><br>**CLERK TO CLOSE CASE** |

Plaintiff Roberto Herrera is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The complaint and first amended complaint were dismissed for failure to state a claim. Plaintiff filed a SECOND amended complaint which is now before the Court for screening. For the reasons set forth below, the Court finds the SECOND amended complaint fails to state a cognizable claim and ORDERS it DISMISSED without leave to amend and this action closed.

I.   **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

§ 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.  PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 667-68.

### III. PLAINTIFF'S ALLEGATIONS

Plaintiff, an inmate at Corcoran State Prison ("CSP"), complains his chronic severe pain has been ineffectively treated and that he has thus been subjected to medical indifference in violation of the Eighth Amendment.

Plaintiff names as Defendants (1) Karana, CSP health care staff, (2) Nguyen, CSP health care staff, (3) Vasaves, CSP Nurse, (4) Beregovskays, CSP health care chief executive, (5) Macias, CSP health care chief executive, (6) McCabe, CSP physician.

More specifically, Plaintiff alleges that:

The pain medication prescribed him in prison is ineffective in treating his serious pain. He saw Defendant Karana in July 2012, and Defendant Nguyen in September 2012, and complained to them that his medication was not helping. These Defendants refused to take action. During the fall of 2012, the other Defendants, Vasaves, Beregovskays, Macias and McCabe, "knew about" Plaintiff's chronic serious pain and that his medication was not helping, but also refused to take action. (ECF No. 31 at 3-4.)

Plaintiff seeks (1) an affirmative injunction that Defendants provide effective medication, (2) monetary damages, and (3) a declaration of rights violation.

### IV. ANALYSIS

#### A. Linkage

Plaintiff does not allege a reasonable factual basis for his claim against Defendants Vasaves, Beregovskays, Macias, and McCabe. He alleges that these defendants "knew about" alleged ineffective medication and yet failed to respond. He includes no factual allegations suggesting how, when, and what each heard or why he feels they may have had some option and duty to respond.

A § 1983 plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There must be an actual connection or link between the actions of the defendants and

the deprivation alleged to have been suffered by the plaintiff. See <u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978). Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. <u>Iqbal</u>, 129 S.Ct. at 1948. Since a government official cannot be held liable under a theory of vicarious liability in § 1983 actions, Plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions. <u>Id.</u> at 1948.

Plaintiff offers no genuine "link" between these Defendants and the alleged rights violations. His contentions against them are purely conclusory and unsupported by allegation of any facts that might support the conclusions.

### B. Medical Indifference

To maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show (1) a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain, and (2) a deliberately indifferent response by defendant. <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006). The deliberate indifference standard is met by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. <u>Id.</u>

Deliberate indifference is a high legal standard. <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, but that person must also draw the inference." <u>Id.</u> at 1057, quoting <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994). "If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk." <u>Id.</u>, <u>quoting</u> <u>Gibson v. Cnty. of Washoe</u>, 290 F.3d 1175, 1188 (9th Cir. 2002). Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." <u>Broughton v. Cutter Labs.</u>, 622 F.2d 458, 460 (9th Cir.1980), <u>citing</u> <u>Estelle v. Gamble</u>, 429 U.S. 97, 105-06 (1976).

Here Plaintiff alleges a pain condition which appears to constitute a serious

medical need. Jett, 439 F.3d at 1096; See McGuckin v. Smith, 974 F.2d 1050, 1059-60, overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997). However, to establish liability, he must also allege facts showing deliberate indifference to serious need, that he was knowingly refused medically necessary care. See Toguchi, 391 F.3d at 1058–60. Plaintiff alleges no facts to showing that Defendants knowingly refused to respond to his pain condition or provided medically unacceptable pain management care.

Plaintiff had access to Defendants, all members of the CSP medical staff. Defendants provided medication for his pain. Apparently all concurred in Plaintiff's medication plan. Nothing suggests differing professional opinion. Thus, rather than alleging facts from which one might conclude Defendants acted culpably, with a conscious disregard of serious risk of harm to Plaintiff, see Veloz v. New York 339 F.Supp.2d 505, 521 (S.D.N.Y. 2004), citing Hathaway v. Coughlin, 37 F.3d 63, 69 2d Cir. 1994) ("[t]o establish deliberate indifference, plaintiff must demonstrate that the defendants actually wish[ed] him harm, or at least, [were] totally unconcerned with his welfare."), it appears Defendants tried to treat Plaintiff's pain and Plaintiff disagrees with their choice for treatment.

That Plaintiff desires a change in his medication plan to provide different and stronger medication does not alone suggest indifference. A prisoner need only receive adequate treatment, not his chosen treatment. Hill v. Curcione, 657 F.3d 116, 123 (2d Cir. 2011). A failure to provide prisoner with stronger pain medication is not indifference where no medical provider recommended treatment different from that provided, or acted with a culpable mind. Id., see also Rush v. Fischer, 923 F.Supp.2d 545, 554-55 (S.D.N.Y. 2013) (prison nurse's refusal to provide narcotic medication to manage pain not indifference where ibuprofen was provided and facility doctors also refused narcotic medication).

A difference of opinion between a prisoner-patient and prison medical staff is not sufficient to claim medical indifference, Franklin v. Oregon, 662 F.2d 1337, 1344 (9th

Cir. 1981), unless the treatment chosen is medically unacceptable and with conscious disregard of an excessive risk to the prisoner's health. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996). Nothing before the Court suggests unspecified pain medication is the only medically acceptable courses of treatment for Plaintiff's chronic pain and that Defendants disregarded Plaintiff's pain.

Even if Defendants have failed to properly diagnose and treat Plaintiff's chronic pain condition, this suggests at most negligence which is insufficient as an Eighth Amendment claim. See Rush, 923 F.Supp.2d at 554 ("prisoner must plausibly allege more than mere negligence in diagnosis or treatment.").

Plaintiff fails to state a claim for medical indifference.

### C.  Injunctive Relief

To prevail, the party seeking injunctive relief must show either "(1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the moving party's] favor." Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc., 762 F.2d 1374, 1376 (9th Cir. 1985), quoting Apple Computer, Inc. v. Formula International, Inc., 725 F.2d 521, 523 (9th Cir. 1984); see also City of Los Angeles v. Lyons, 461 U.S. 95, 101–102 (1983) (plaintiff must show "real and immediate" threat of injury).

The Court previously found deficient Plaintiff's requests for an injunction directing Defendants to provide effective medication. (ECF Nos. 14, 18.) Requested injunctive relief remains substantively deficient for the reasons stated in the prior orders. Plaintiff's SECOND amended complaint does not suggest any basis for reconsideration, newly discovered evidence, error by the Court, or a change in controlling law. Fed. R. Civ. P. 60(b)(6); Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir.2009).

Plaintiff fails to allege facts suggesting a need for and entitlement to injunctive relief.

## V. **CONCLUSIONS AND ORDER**

Plaintiff's SECOND amended complaint does not state a claim upon which relief may be granted. Plaintiff has been repeatedly advised in screening orders of the deficiencies in his claims and the required corrections and, having been afforded two opportunities to correct those deficiencies, has failed to do so. No useful purpose would be served in providing the same advice yet again and giving Plaintiff yet another opportunity to do that which he has now twice failed to do. Further leave to amend shall be denied.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's SECOND amended complaint (ECF No. 31) is DISMISSED for failure to state a claim, further amendment would be futile and is denied,

2. The action is DISMISSED WITH PREJUDICE for failure to state a claim, dismissal shall count as a strike pursuant to 28 U.S.C. § 1915(g); Silva v. Di Vittoria, 658 F.3d at 1009, 1098 (9th Cir.2011), and

3. Any and all pending motions shall be terminated and the Clerk of the Court shall CLOSE this case.

IT IS SO ORDERED.

Dated:   December 12, 2013           /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE

7